### DAVIS v. ELMORE.

1. LOCATION—APPEAL.—A question of location may sometimes involve points of law, but where it depends wholly upon whether two adjoining landowners have agreed upon or acquiesced in a fixed line as a dividing line between them, it is a pure question of fact, which, in an action of trespass, is finally settled by the judgment of the Circuit Court.

2. AN EXCEPTION alleging error in refusing certain requests to charge cannot be considered where it does not appear, except in the exception itself, what he was requested to charge, and it does appear that he did charge exceptions of the same numbering as correct, except as modified, with no suggestion by appellant of wherein the modifications were erroneous.

3. CHARGING JURIES—IMMATERIAL ERROR.—Where plaintiff claims title to a

tract of land and defendant denies it, but the whole controversy in the case turned upon the ownership of twenty acres thereof, it was immaterial error on the part of the trial judge in charging that the defendant did not deny plaintiff's title to the remainder of the tract.

4. Location—Issues.—Where the whole case turns on the location of a dividing line between the heirs of A of the one part and a person under whom defendant claims of the other part, the terms of A's will, and also a deed to defendant by one claiming under one of such heirs, made after action commenced, should be disregarded.

5. An Exception containing a quotation from the charge to the jury, but pointing out no error therein, presents no question for consideration.

6. Charging Juries—Appeal.—The statement by the judge to the jury of portions of the testimony is not error to be corrected by appeal.

7. Ibid.—Facts.—There is no error in repeating the testimony to the jury, its force and effect not being commented on.

8. Ibid.—Immaterial Error.—Alleged error is immaterial where the verdict shows that it was not considered by the jury.

9. Exceptions not considered where the case furnishes no evidence that the matter complained of was submitted to the Circuit Court, and where they are too general.

Before Hudson, J., Sumter, April, 1893.

Action by Alfred L. Davis against Levander Elmore.

*Messrs. A. B. Stuckey* and *R. O. Purdy*, for appellant.

*Messrs. Lee & Moise*, contra.

March 12, 1894. The opinion of the court was delivered by

Mr. Chief Justice McIver. The plaintiff brought this action to recover damages for certain trespasses alleged to have been committed by the defendant between the 1st day of February and the 25th day of March, 1892, on a tract of land containing 212 acres, of which he alleges that he was the lawful owner, and was in possession of at the time. The defendant, by his answer, put in two defences: 1st. A general denial of every allegation in the complaint. 2d. He alleged that he was in possession of, and was the lawful owner of, a tract of land containing 300 acres, known as the "Davis Mill Tract," which embraces the land—about twenty acres—upon which the said trespasses were alleged to have been committed. So that, prac-

tically, the action was what was called under the former system of pleading an action of trespass *quare clausum fregit,* and the pleas were the general issue and *liberum tenementum.*

As well as we can understand the questions presented in this case, although we must say that we have had no little difficulty in doing so, arising largely from the many errors, either of the printer or the stenographer, or both, or from some other cause which we shall not undertake to divine, it seems to us that the questions presented are mainly, if not entirely, questions of fact, which we cannot consider in a purely law case, such as this is. It may be stated in general terms that the plaintiff claims under a deed from the heirs at law of one John Davis for the 212 acres, which he alleges embraces the parcel of twenty acres upon which the trespasses were committed, while the defendant claims under a deed from one Garrison P. Davis, which he alleges embraced the said twenty acres; and as these two tracts adjoined, the real controversy seems to have been as to the dividing line between the two tracts—a pure question of location.

Now, while it is true that a question of location is sometimes a mixed question of law and fact, where it turns upon certain established rules of location, as, for example, the comparative weight to be given to natural boundaries, artificial boundaries, courses, and distances as laid down on the plat, the shape of the plat, &c., but as no such questions were presented in this case, and as the whole controversy seems to have turned upon the question, whether the parties interested had established a dividing line by agreement, there being some doubt as to what was the true dividing line, we are somewhat at a loss to conceive how any real question of law could arise. Surely there cannot be any doubt that where the dividing line between two co-terminous proprietors is doubtful, and for the purpose of solving such doubt they meet together and establish an agreed line, such agreed line must be regarded in all future controversies to be the true line. And there can be as little doubt that if the defendant's grantor, Garrison P. Davis, was present at, and acquiesced in, the establishment of the agreed line in question, both he and his subsequent grantee,

the defendant, would be bound thereby. This is precisely what the Circuit Judge charged the jury, leaving it to them to determine the question of fact, whether Garrison P. Davis was present at, and acquiesced in, the establishment of such agreed line.

This, it seems to us, would be sufficient to dispose of this appeal, but in deference to the earnestness with which defendant's counsel have pressed this appeal, we will go over his grounds of appeal. The first exception is because the Circuit Judge refused to charge certain alleged requests set out in this exception, and numbered 1, 2, 3, and 4. In the first place, the "Case" as prepared for argument here does not show that any requests to charge were submitted, except that in charging the jury the judge said that he had been requested to charge certain propositions, numbered 1, 2, 3, 4, and 5, but what those propositions were is no where stated except in appellant's exceptions; and as we have held, time and again, that this court cannot properly consider any fact or request to charge which appears only in the exceptions, it surely cannot be necessary to repeat here what has so frequently been said before. In the second place, the Circuit Judge not only did not refuse to charge any one of these alleged requests, but, on the contrary, he expressly said : "I charge you as requested," but added, that in what he would have to say to the jury some of the requests would be qualified or modified—how, is not stated or suggested in the exceptions. It is obvious, therefore, that the first exception must be overruled.

The second exception imputes error to the judge in saying to the jury that the defendant does not deny the plaintiff's title to the balance of the 212 acres, and that the only controversy was as to the twenty acres, thus disregarding the general denial in the answer. Inasmuch as it is plain from the whole case that the only controversy was as to the twenty acres, it is very clear that this error was wholly immaterial, and hence there is nothing of substance in this exception.

The third and fourth exceptions cannot be sustained. They consist of certain quotations from the charge, and the only errors suggested in the language quoted are, first, in disre-

garding the will of John Davis; and second, in saying to the jury that the deed from Sylvina Watson [1] to the defendant could not affect the present controversy. Inasmuch as it is very manifest that the case turned upon the true location of the dividing line between the parties—really whether such dividing line had been agreed upon by the parties—it is somewhat difficult to conceive how the will of John Davis could affect that question. Second. As the deed from Sylvina Watson was confessedly not executed until after the trespasses had been committed, it is very obvious that such deed could afford no justification for trespasses committed upon land alleged to be in the possession of the plaintiff, before defendant acquired any rights under said deed.

The fifth exception is nothing but a quotation from the charge of the judge, without pointing out any error in the language quoted, and, therefore, presents no question for us to consider.

The sixth exception alleges error on the part of the Circuit Judge in stating certain portions of the testimony. This presents no question of law; and if there was any error, the proper mode of correcting it is not by appeal to this court. See *State* v. *Jones*, 21 S. C., 596. Let this exception be overruled.

The seventh exception is a mere quotation from the charge of the judge, and must share the fate of the fifth exception, for the same reason as is there given. The eighth exception has been disposed of by what has already been said.

As to the ninth, eleventh, twelfth, thirteenth, fourteenth, and seventeenth exceptions, it is somewhat difficult to understand precisely what are the questions intended to be presented by these exceptions. In so far as they, or some of them at least, purport to impute error to the Circuit Judge in charging upon the facts, they cannot be sustained, for the language complained of was accompanied by the explicit statement that he was merely repeating what had been testified to by the witnesses, and not giving his view as to the effect of such testimony. In so far as these exceptions, or any of them,

---

[1] She claimed an interest under one of the heirs.

relate to what would be the effect if the jury thought that the Moise line, rather than the McIlwaine line, was the true dividing line, they are immaterial, for it is very manifest from the form of the verdict that the jury came to the conclusion that the McIlwaine line was the true dividing line. And in so far as these exceptions, or any of them, relate to the effect of the Sylvina Watson deed, that matter has been disposed of by what we have said in considering the third and fourth exceptions. All of these exceptions must, therefore, be overruled. The tenth exception is likewise disposed of by what has been said in considering the third and fourth exceptions, and it, also, must be overruled.

As to the fifteenth exception, imputing error to the Circuit Judge in refusing a motion for a new trial on the minutes of the court, and the sixteenth, alleging error in refusing defendant's motion to reduce the verdict upon the ground of excessive damages, it is sufficient to say that the "Case" affords no evidence that either of these motions were submitted to the court below, and they are not, therefore, entitled to be considered. Besides, it is well settled that this court cannot consider such general exceptions as these are.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.